## Jesse O'Dell, Appellee, v. Vandalia Railroad Company, Appellant.

NEGLIGENCE—*when evidence of custom to support charge of, incompetent.* Where a charge of negligence is made, proof of a custom upon which the plaintiff had no right to rely is incompetent.

Action in case for personal injuries. Appeal from the Circuit Court of Coles county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed November 17, 1908. Rehearing denied May 20, 1909.

H. A. NEAL, for appellant; OUTTEN, ROBEY, EWING & M'CULLOUGH, of counsel.

BRYAN H. TIVNEN, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Jesse O'Dell brought suit in the Circuit Court of Coles county against the Vandalia Railroad Company to recover damages alleged to have been sustained by him through the negligence of a foreman of the said railroad company, under whom O'Dell was at work as one of a bridge gang. There was a verdict in favor of O'Dell upon which the court rendered judgment in the sum of $3,000. The railroad company appealed.

The facts upon which O'Dell bases his right of recovery are substantially these: Appellee was employed as one of a gang of men in the construction of a bridge for appellant and as such was under the order and supervision of a foreman of appellant, who managed the work and directed the men; while the gang of men was engaged in such work, in which work a pile driver and engine were employed, the foreman ordered appellee to untie or release a line, called a snub line, and go with it to the railroad track of the Big Four Railroad Company, about fifty feet away from where appellee was then at work for the Vandalia Railroad Company, and fasten it to a tie of the Big Four Rail-

road; that appellee went with the line to the Big Four Railroad track and there attempted to pass his snub line under the rail and over the tie inside the rail in order to fasten the end of the line securely, and while at work, in a stooping posture, a train passing on the tracks of the Big Four struck appellee, knocked him down and inflicted the injuries for which he seeks to recover.

Appellee claimed upon the trial that there was a custom prevailing in the service of appellant that the foreman of a gang of men when a man was put to work upon a track at any point, would watch for the approach of trains and warn the men of any danger, and considerable testimony along this line was admitted over the objection of appellant. If the evidence admitted tended to show anything it was to the effect that where men work in gangs in the repair of tracks or bridges over which trains are likely to pass at any moment, it is usual and customary to employ a watchman to keep a lookout and warn those so employed of approaching trains; but this was not a custom upon which appellee could have relied nor was there any evidence whatever, offered or given, even tending to show any custom to watch and give notice under the circumstances of the case here presented. In the case at bar appellee was not acting as one of a gang employed in a service requiring the watchfulness above mentioned. He was directed to go to a point fifty feet away from the track on which he had been at work and there fasten his line to a railroad tie, with nothing to obstruct his view and nothing whatever either in the character of the work he was doing or his surroundings, to distract his attention from the danger of passing trains. He was thoroughly familiar with the work he was doing and had been engaged in like labor about a railroad for a considerable time before he was hurt, and the danger, if any, was an obvious one. The testimony as to custom was incompetent and inapplicable to the circumstances of the case

and the evidence was so conclusive as to appellee's want of due care as to preclude any right to recovery upon his part.

The judgment is reversed, but the cause is not remanded.

*Reversed.*

Finding of facts, to be incorporated in the judgment: We find that appellee was not in the exercise of due care and caution for his own safety at the time of the injury complained of.